Number 1-8-1-2-5-6 Heather Tyler vs. the Massachusetts Supreme Judicial Court at all. Ms. Murphy, good morning. Good morning. May it please the Court, Wendy Murphy on behalf of Appellant Heather Tyler. Ms. Tyler is here with me in court this morning. This case is before you on a narrow issue, Rooker-Feldman, as the Court knows. It does have a more complicated procedural history. And I think it's just important to emphasize that this is not a Rooker-Feldman case just for the very simple reason that Ms. Tyler is not a state court loser seeking a federal appeal of a state court final judgment. There are many reasons why this is not a Rooker-Feldman case, not least of which is that the important federal injury here that has yet to be addressed by any state court is that she was forced by a state court order to participate in a family court proceeding with a man who raped and impregnated her. And the constitutionality of that has never been addressed. Did you raise that as an issue in your brief to the SJC? Yes, Your Honor. That issue was raised repeatedly from the minute we started challenging it. The SJC then expressly said in its opinion that it's addressed certain issues and then it said, with respect to all other issues that you have raised, that it's considered and rejects them. Right, the appeals court decision that the SJC finally approved. So they didn't, I would respectfully disagree that saying they, quote-unquote, looked at all the other issues and didn't find anything meritorious worth addressing substantively is not the same as addressing a federal question and that was the second time the SJC is saying they decided the question against you. No, what I'm arguing... You're saying they didn't elaborate enough on their reasoning. What I'm suggesting is they didn't rule on it at all, at all, and they couldn't have because... What basis do you have when a state court says expressly that it's rejecting all the other... We often say that in our opinions. We'll get to the end of the opinion and we'll say we've addressed these four issues. To the extent there are other issues raised by the appellant that we haven't addressed, we have considered and rejected them, period. I think what I hear you saying is that whenever we said that, we should now say, oops, we didn't address those because we're going to hold the Massachusetts appellate court didn't address something when it says it addressed it. No, Your Honor, my point is not simply that silence is not good enough. I appreciate that sometimes that kind of clause, that kind of phraseology, is sufficient to indicate the court addressed the issue. We don't have exactly that type of clause here in this case. No, and the reason this case is different is because that was Ms. Tyler's second time to the SJC on this same issue, same case. And the first time up, the SJC said she had no standing to challenge... Which are you challenging here? I thought your complaint refers to the second SJC decision. No, to the contrary. It doesn't refer to the second? Well, I would call it a derivative challenge. The original federal injury is what matters most. I'm asking a different question. The complaint. The complaint references the second SJC decision. It references both, Your Honor. It does. And the importance is here. And here's why the federal injury is both important and clearly not yet resolved. Before you get to that point, if I take the argument you're now making, that would be even if the second SJC decision is a final decision making, I don't like the phrase, but your client a state court loser for purposes of Rooker-Feldman, you still can survive on your complaint because you are separately challenging the first SJC decision, which doesn't count as a final decision on the constitutional issue for purposes of Rooker-Feldman. What I'm saying is that you can't separate them so simply in this very unusual fact pattern. What I guess I don't fully understand is if it's the case that the second decision rejected the constitutional challenge, because you said to Judge Cato you raised that constitutional challenge in that appeal. Yes. And if it was rejected by the state court there, then you would want to separate them. Because if you're challenging that one, you've got a Rooker-Feldman problem. I understand, and I'll take it any way I can get it. How can you get it the other way? That's what I'm trying to figure out. But my problem with making it that simple is the reason the appeals court's decision or the SJC's decision second time around cannot be construed as a substantive ruling on the original objection, the original federal injury, if you will, is because we have to assume that the SJC... The court raises the same standing. What we have to assume is that the second SJC decision would have known that they had earlier rejected her standing to be heard. They wouldn't have decided she suddenly had standing if two years earlier they said she didn't have standing. Now you're saying we should read silence the other way. Well, what I'm saying is on these unusual facts, we can't forget that she was denied standing at the pivotal point in this case. She was denied standing because as a non-party, she was told she had no right to object to any of her injuries. The reason for the standing ruling on the first SJC decision would not apply to the second one because you weren't now challenging the criminal case. But they are not... you cannot extract them from one another because the criminal... The SJC's first time around gave as its reason that you couldn't interject yourself into the criminal case. That's why there was no standing, right? But the whole point... Yes, that's right, yes. This is what they said. We can agree on that. But that ruling forced her to participate in the family court case over her objection. And her whole argument from the beginning was, I object to this superior court order forcing me to go to the family court. Did you raise that argument in the second appeal? Yes, but the first time around, if we were denied standing to raise it then, why would we suddenly have developed standing to... We were still challenging the original federal injury. I got it, I got it. That's still part of this case. And we participated in the family court's proceedings over our objection, still retaining that objection, still arguing that we did have standing to make the objection. Standing is generally a question of injury, or injury in fact. And so they're simply saying, the criminal proceeding going on over here, we're not going to let third parties who aren't the defendant or the state claim injury from what is happening over there. Otherwise, we'd have an appeal every time from victims. However, once someone then tried to force or require or do anything to your client in the second proceeding, you had... the injury had become tangible and you had standing then. But the only injury was being forced to go, and that came from the original Superior Court order. You could have said, this proceeding should not take place, I should not be forced to participate in it, it should be treated ineligibly. We did. That was the only... we filed a motion to vacate jurisdiction. But it still... Are you just saying, how do we read the silence in the second opinion? Exactly, that's exactly right. You're saying we should assume they made a bad decision. Well... And that they did it on standing grounds when they shouldn't have. Well, what we're really saying is that... No, no, no, no. Yes. You need us to conclude that they rejected your second appeal on standing grounds. They had to. They had to. Because it was already a ruling that they'd made. Why'd you appeal? You must have thought they didn't have to. That's why you appealed it up to the SJC. On the second one. You must have thought there was a non-standing reason in the second case. I was hoping they would address the federal injury... And they were silent on it. They were silent on it. You made that there was a non-standing, that the standing argument was not a good reason. But we don't... And now we don't know. At best we don't know. And now we don't know. At best we don't know. And you're just saying what we should assume is they did something that wouldn't have made a lot of sense. Well, it would have been an overturning of the earlier ruling. But not according to you, because when you argued it the second time, you said they would not have to overturn the first ruling in order to rule for you. That's why you brought the second case. No, no, we participated... No, I don't... I'm not going to agree that that's our reason for appealing. Our reason for appealing was to ultimately find someone, somewhere to address these federal injuries. So you're saying they were wrong the first time and they were wrong the second time. Absolutely they were. And here's why the injury remains an important federal question that this court ought to address. Standing here today, my client has no idea where to go if the man who raped her doesn't pay for the consequences of his crime through this, whether you call it child support or anything else. She has no idea which court to go to. Should she go to the family court? Because they now have an order in place saying he should pay child support. That would impose on her liberty substantially. She has to file contempt, hire a lawyer, do all sorts of... Or should she go to the superior court, which issued the first order saying he has to pay financially for the... That would cost her nothing. For purposes of this appeal, in this case, you want us to focus on the challenge being to the first SJC decision. Because that's the one you keep identifying as the root of the problem. And you say that doesn't create a Rooker-Felton problem, if that's the reasoning, because it was based on standing. Do I have that much right? It is the primary federal injury. And the fact that it is... And if you say if it's rooted in that decision, there's no Rooker-Feldman problem because the only reason given was a standing reason. Is that right? That's correct. A non-party has no Rooker-Feldman problem. One last question. That first decision by the SJC concerned the underlying order in the criminal case, right? It was a probation order in the underlying criminal case, correct. What in that order, what in the text of the order, says that any proceedings must begin in family court? The language of the court order itself. It says as a condition of your probation, Mr. Convicted Rapist, you must go to family court. No, it does not say that. It says you must initiate... No, it does not say that. It says you must declare your paternity. I like the language of... It says you have to declare your paternity. In family court. And comply with that court's orders for the next 16 years. The declaration of paternity would have to occur in family court? Yes. And he says family court. And he says comply with that court's orders for the next 16 years. That is the original federal injury that has not been addressed, was not addressed because they decided my client had no standing to object, even though it implicated her federal rights. And we still don't have any resolution. And now she doesn't know which court to go to because these two conflicting orders really are up for grabs. Which one does she obey? One implicates her federal rights if she obeys the family court order. If she just allows the state to do its job and enforce the probationary condition, it costs her nothing in terms of her liberty. That's the one that ought to apply, but we still have no answer because the federal question has not been resolved. Thank you. Good morning. May it please the court. Assistant Attorney General Todd Bloom on behalf of the Commonwealth Defendants. This court should affirm the district court's granting of the defendant's motion to dismiss for lack of subject matter jurisdiction. Your Honors, the Commonwealth Defendants understand the enduring trauma that is caused by serious crimes. Respectfully, the plaintiff has already availed herself of the proper remedy of appealing in state courts from a probate and family court order that she believes infringes on her rights under the United States Constitution. The complaint as framed below is a request for the district court to review and overturn a 2017 decision by the SJC which denied review of the Massachusetts Appeals Court decision which affirmed a family court paternity judgment. She is insisting that the court review and reject a final state court judgment in a case she was involved in where she claims the judgment caused her injury and as such this case presents a straightforward application of the Rooker-Feldman Doctrine. I would just briefly touch on to the extent that this court is entertaining the idea that she is challenging the 2013 SJC decision. Our position is that that argument is not timely asserted in the district court because again the complaint is a challenge to the 2017 SJC decision. Does the complaint mention the 2013 decision? The complaint references a recent ruling of the SJC and it does talk about constitutional infirmities in the Massachusetts Appeals Court's decision from 2016. The complaint does not allege that the 2017 family probation probate court order, what's the order, the 2017 order that went up to the SJC, who issued that? In the 2017 case, which state court order is being appealed there? The SJC denied further appellate review. That was a Massachusetts Appeals Court decision affirming the paternity judgment of the probate court. The probate court? Yes. Does the complaint make any allegation that the probate court order that was being challenged there was dependent on the 2013 order in the criminal case? I'm sorry, can you repeat the question, Your Honor? Does the complaint allege that the probate court order that led to the 2017 SJC decision was compelled or required or inextricably dependent upon the 2013 criminal case order? No, Your Honor. Requiring him to declare paternity? No, Your Honor. We did not read it that way and neither did the district court. The complaint says that the state court decisions violated her rights by forcing her to be involved in family court proceedings with Melendez. That's the most it says. But what it asks for is a... Read that sentence again. It says in the complaint that she, we are saying that she's complaining of personal injuries caused by the SJC's decision. She does reference that the state court decisions violated her rights by forcing her to be involved in family court proceedings with Melendez. But the probate court couldn't have forced her to be in the family court proceedings. I mean, that would be the, that's I guess her argument now is that it's the criminal, the order in the criminal court is what forced her to be in the family court, in the probate court. Your Honor, there was also a first federal 1983 action where she raised the same federal claims that were raised in the first round of appellate proceedings, claiming this claim about being bound to a relationship. And that was adjudicated once in the federal district court in 2013. I mean, put that aside. Since that time, what has happened is she has again appealed in the state system. She has exhausted these federal claims. She's gone back to state court, filed a motion, seeking to vacate jurisdiction and terminating Mr. Melendez's rights and then appealed. I take the point. If she had appealed, if she was bringing this case and the complaint was clear that she was challenging the 2013 order, would there be a Rooker-Feldman problem? If she was challenging the 2013 order, there was very little that would be different from this case from the first federal action that was dismissed. That's not my question. Would there be a Rooker-Feldman problem? If the definition is met, Your Honor, if there was a final state court judgment. I am now asking you to apply the definition to the 2013 order. Would there be a Rooker-Feldman problem in the state's view with respect to the 2013 order in the 2013 case? No, there would not. And that's why it matters. I understand the argument that if the 2017 case is the only case and it's not related to the 2013 order in any way, then you say there is a Rooker-Feldman problem. I get that. The only point that seems to me complicated is whether we should read the complaint to be saying what I'm effectively challenging is the 2013, the fact that I'm in this proceeding by virtue of the 2013 order. And if that was the argument, her contention is you can read the SJC to have rejected it for the same reason it rejected the first time, which you concede, that ground of rejection does not give rise to a Rooker-Feldman problem. Yes, Your Honor, but as the district court found... So what's wrong with that? As the district court found, it does not matter what claims are resolved in the state courts. What matters is how the complaint is framed below. And if you go through this complaint, and we've said in detail in our brief the reasons why we think it's the 2017 decision and also why the district court adopted that view, if you look at what she's saying specifically, what we can take from the complaint is she asked the district court to declare the SJC's decision unconstitutional on the grounds that it violated her Fourth and Fourteenth Amendment rights and sought injunctive relief, preventing the defendants from exercising jurisdiction in similar circumstances in the future. So, again, she is complaining of personal injuries caused by the SJC's ruling itself. And, again, because here we have an SJC decision, which is a final judgment, it was a final judgment as to the federal issues raised, and her claims appear to be a functional... They are the equivalent of an appeal from that judgment. And that's precisely what Brooke Feldman forbids, Your Honor. I guess it's just what's the underlying basis for that appeal? If she's saying it's a probate order which was compelled by the criminal court order, then it doesn't quite solve the problem, your argument. Do you see what I'm saying? Because what the SJC would have been then reviewing was the argument that the probate court, under compulsion by the criminal court order, ruled against her. And then she says they were silent in rejecting that claim. So maybe the reason they were silent is because of the same standing argument that they gave in 2013. If that's the case, then no Brooke Feldman problem. I'm not saying that's right, but that's what I take to be her argument. So what's wrong with that? Your Honor, I don't know. I haven't seen the briefs in the state appellate system a second time. It's my understanding that the probate docket is impounded. The state appellate docket and briefs are impounded. The district judge found that she chose to raise her federal claims in a state court. And this court... And she did not file a cert petition after the 2017 final judgment. So respectfully, the Supreme Court is the only case that can hear the merits of these federal constitutional claims. I guess we have the briefs to the SJC, right? We can get those. Yes. But again, I would submit that under Brooke Feldman, as the district court found, it doesn't matter what claims were litigated in state court. What matters is how the complaints ran below. We stand by our position that what she's claiming on appeal is a material shift in position, and it is respectfully waived. And even if it's not waived, as this court has pointed out, it is without merit because the 2013 SJC decision ruled that she has respectfully misconstrued the sentence. If there are no further questions on Brooke Feldman or the other abstention doctrines, I'll rest on the brief. Thank you. Thank you.